IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL E. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-0956 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| V.A. HOSPITAL and DR. BIRCHMORE, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned, in part for a frivolity review under 28 U.S.C. § 1915(e)(2)(B). Docket No. 3. That statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) The allegation of poverty is untrue; or
>
> (B) The action or appeal –
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory

allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 137 L.Ed.2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

129 S.Ct. at 1949-50, 173 L. Ed.2d at 884 (citations omitted).

The grounds for the pro se Plaintiff's action are set forth in the Complaint as follows:

20 U.S.C. 1097; Breach of Contract; Privacy Act of 1974;

2

> Privacy Act of 1996 (HIPPA); ADA Discrimination of a disabled [*sic*] & lack of proper med. care; Defamation.

Docket No. 1, p. 1.

In identifying Defendants, the Complaint states in part as follows:

> Dr. Birchmore and some other employees are involved in privacy violations, while there are several other doctor's [*sic*] that are involved in lack of proper medical care.
>
> V.A. General Counsel (Legal Agent): Dr. Fuchs - 504 Rehabilitation Violations.

*Id*., p. 2.

In the section of the Complaint headed "Statement of claim," Plaintiff states as follows:

> Tort claim filed with V.A. General Counsel in December 2008 in regards to most claims.
> First trial, the Judge ruled in favor of Defendant without prejudice to allow the Defendant, General Counsel to investigate claims. (6 months), or June 2009[1]
> Federal Government form in compliance to federal regulations (HIPPA) and Doe, etc. proper complaints filed for (improper) lack of medical care.

*Id*. (Footnote added.).

Plaintiff's prayer for relief is stated as follows: "Wish for the Court to find the Defendant guilty of all claims." *Id.,* p. 3.

It is readily apparent that Plaintiff has, at most, provided only legal conclusions, not facts.

---

[1] The Court notes that Plaintiff, acting pro se, previously filed a lawsuit against the V.A. Hospital, Dr. Birchmore, and the "Privacy Officer and Director of V.A. Hospital." *See Carl E. Watson v. V.A. Hospital, et al.,* Case No. 3:08-00987, United States District Court for the Middle District of Tennessee. In that action, Plaintiff sued Dr. Birchmore for breach of contract, defamation, and libel, and he sued the Privacy Officer and Director of the Hospital for "violation of Privacy Act (HIPPA)." That action was subsequently dismissed without prejudice for lack of subject matter jurisdiction because Plaintiff had not exhausted his administrative remedies as required by 28 U.S.C. § 2675(a).

Plaintiff provides absolutely no facts to support his legal conclusions that "Dr. Birchmore and some other employees are involved in privacy violations," or that there are "several other doctor's [*sic*] that are involved in a lack of proper medical care."

Plaintiff, therefore, has failed to state a claim upon which relief may be granted, and the undersigned recommends that this action be DISMISSED WITH PREJUDICE.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[2] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).